# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSE JAVIER VAZQUEZ,** : | |
|     **Plaintiff,** : | |
| : | |
| **v.** : | **CIVIL ACTION NO. 20-CV-6573** |
| : | |
| **THOMAS S. MCGINLEY,** *et al.*, : | |
|     **Defendants.** : | |

## MEMORANDUM

**KENNEY, J.**                                                                     **JANUARY 25, 2021**

Plaintiff Jose Javier Vazquez, a prisoner currently incarcerated at SCI Coal Township, filed this civil action against Defendants Thomas S. McGinley, Superintendent of SCI Coal Township, and "Justice" Giovanni O. Campbell, a judge of the Philadelphia Court of Common Pleas. For the following reasons, the Court will dismiss Vazquez's claims against Judge Campbell pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim and as legally frivolous, and will transfer the remaining claims against Superintendent McGinley to the United States District Court for the Middle District of Pennsylvania.

## I.    FACTUAL ALLEGATIONS[1]

A review of the public dockets reveals that, after a jury trial presided over by Judge Campbell, Vazquez was convicted of two counts of aggravated assault. *See Commonwealth v. Vasquez*, Docket Nos. CP-51-CR-0007339-2016 & CP-51-CR-0007340-2016 (C.P.

---

[1] The following allegations are taken from Vazquez's Complaint and public dockets, of which the Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

Philadelphia).[2]  The court sentenced Vazquez to consecutive terms of seven and one-half to fifteen years' imprisonment for each offense and he appealed.  On May 19, 2020, the Pennsylvania Superior Court vacated the judgment of sentence and remanded for a new trial.  *See Commonwealth v. Vasquez*, No. 96 EDA 2019 (Pa. Super. Ct. 2019).  The Common Pleas Court dockets reflect that a video plea hearing is scheduled for February 1, 2021.

Vazquez's claims in the instant matter concern his continued detention at SCI Coal Township following the Pennsylvania Superior Court's decision to vacate his judgment of sentence and to remand the case for a new trial.  (ECF No. 2 at 3-5.)[3]  Vazquez alleges that he is being illegally detained because he should have been immediately released when his judgment of sentence was vacated.  (*Id.*)  He claims that Judge Campbell and Superintendent McGinley have ignored the Superior Court's decision and have done nothing to remedy the matter.  (*Id.* at 5.)  Vazquez further contends that he has suffered from anxiety, depression, mental anguish, and insomnia due to his unwarranted continued detention, and that he fears that he will contract COVID-19 while he remains in confinement.  (*Id.*)

Vazquez asserts that his rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution have been violated and that he is bringing his claims pursuant to 42 U.S.C. § 1983.  (*Id.* at 3.)  He also contends that Defendants have violated rights guaranteed him by the Pennsylvania Constitution.  (*Id.* at 4.)  Vazquez seeks monetary damages as relief.  (*Id.* at 5.)

---

[2] The docket sheets for these matters reflect that Vazquez was convicted under the name Jose Javier J. Vasquez and lists Jose Vazquez as an alias.

[3] The Court adopts the pagination assigned to Vazquez's submissions by the CM/ECF docketing system.

## II. STANDARD OF REVIEW

Vazquez seeks to proceed *in forma pauperis* in this matter. (*See* ECF Nos. 1, 3.) In *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (*en banc*), the United States Court of Appeals for the Third Circuit announced a "flexible approach" that permits the screening of complaints filed by prisoners pursuant 28 U.S.C. § 1915A even if the prisoner has neither paid the fees nor been granted *in forma pauperis* status.

Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id*. § 1915A(b)(1). A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As Vazquez is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen*., 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Claims against Judge Campbell

Vazquez indicates that he is suing Judge Campbell in his official and individual capacities. (ECF No. 1 at 2.) Official capacity claims are indistinguishable from claims against the entity that employs the officials. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)

3

("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n. 55 (1978)).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

Judge Campbell serves as a judge with the Philadelphia County Court of Common Pleas. The Philadelphia County Court of Common Pleas, as part of Pennsylvania's unified judicial system, shares in the Commonwealth's Eleventh Amendment immunity.  *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (holding that Pennsylvania's Judicial Districts are entitled to immunity from suit under the Eleventh Amendment).  As there is no indication Pennsylvania has waived its Eleventh Amendment immunity, Vazquez's claims against Judge Campbell in his official capacity are barred by the Eleventh Amendment.[4]

Furthermore, Vazquez's claims against Judge Campbell in his individual capacity are based on acts or omissions he allegedly took in his judicial capacity while presiding over the criminal matter in which Vazquez is a defendant.[5]  These claims lack a legal basis because Judge Campbell is entitled to absolute immunity from such claims.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam).

---

[4] The Complaint also appears to name the Commonwealth of Pennsylvania and the Department of Corrections as Defendants.  (*See* ECF No. 2 at 1.)  Although they do not appear on the docket, the Court will direct the Clerk of Court to add the Commonwealth of Pennsylvania and the Department of Corrections as Defendants.  Regardless, any claims against the Commonwealth and the Department of Corrections are likewise subject to dismissal as barred by the Eleventh Amendment.  *See A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003); *Lavia v. Pennsylvania, Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000); 42 Pa. Cons. Stat. §§ 8521-22.

[5] Vazquez's civil rights claims against Judge Campbell appear to be based on Vazquez's belief that, because Judge Campbell presided over his trial and sentenced him, Judge Campbell has violated his rights by disregarding the Superior Court's decision that remanded the case for a new trial.

Therefore, the Court will dismiss Vazquez's claims against Judge Campbell in his individual capacity as legally frivolous because they are based on a meritless legal theory.

### B.  Claims against Superintendent McGinley

Plaintiff also presents claims against Superintendent McGinley, the Superintendent of SCI Coal Township, which is located in Northumberland County. Vazquez's claims against Superintendent McGinley are based on events that took place in that county, *i.e.*, Vazquez's continued detention at SCI Coal Township. As there is no apparent basis for venue in this district over these claims, the Court will transfer the remainder of Vazquez's Complaint to the United States District Court for the Middle District of Pennsylvania, where the events giving rise to his claims occurred and where Superintendent McGinley is located. *See* 28 U.S.C. §§ 118(b), 1391(b), 1404(a), 1406(a); *Lafferty v. St. Riel*, 495 F.3d 72, 74-75 & n.3 (3d Cir. 2007) (declining to disturb district court's *sua sponte* transfer under § 1406(a)); *Decker v. Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. 2006) (district court may *sua sponte* transfer case under § 1406(a)).

### IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss Vazquez's claims against Judge Campbell in his official and individual capacities with prejudice for failure to state a claim and as legally baseless pursuant to 28 U.S.C. § 1915A(b)(1). Vazquez will not be permitted to file an amended complaint to address his claims against Judge Campbell because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

As there is no apparent basis for venue in this district over Vazquez's claims against Superintendent McGinley, the Court will transfer the remainder of Vazquez's Complaint to the United States District Court for the Middle District of Pennsylvania, where the events giving rise

to his claims occurred and where Superintendent McGinley is located. Furthermore, the Application to Proceed *In Forma Pauperis* (ECF No. 1) shall be left to the discretion of the transferee court.

An appropriate Order follows.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, J.**