**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSE JAVIER VAZQUEZ,** | : | |
| **Plaintiff** | : | **No. 1:21-cv-00150** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **THOMAS S. MCGINLEY,** | : | |
| **Defendant** | : | |

**MEMORANDUM**

On December 28, 2020, <u>pro se</u> Plaintiff Jose Javier Vazquez ("Vazquez"), initiated the above-captioned case by filing a complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Pennsylvania against Defendants Thomas S. McGinley ("McGinley"), Giovanni O. Campbell ("Campbell"), the Commonwealth of Pennsylvania, and the Pennsylvania Department of Corrections ("DOC").  (Doc. No. 2.)  All Defendants other than McGinley were dismissed from the case on January 25, 2021, and the case was transferred to this district on the same date.  (Doc. No. 6.)   Presently before the Court is McGinley's motion to dismiss the complaint. (Doc. No. 18.)  For the reasons that follow, the motion will be granted.

**I.     BACKGROUND**

On June 29, 2018, Vazquez was convicted of two counts of aggravated assault in the Philadelphia County Court of Common Pleas.  <u>See</u> <u>Commonwealth v. Vazquez</u>, No. CP-51-CR-0007339-2016 (Philadelphia Cty. June 29, 2018); <u>Commonwealth v. Vazquez</u>, No. CP-51-CR-0007340-2016 (Philadelphia Cty. June 29, 2018).[1]  The Court sentenced Vazquez to consecutive

---

[1] Vazquez does not provide citations or copies for any of the underlying state court cases, but the Court may consider the docket sheets of the state court cases in resolving the instant motion to dismiss both because they are matters of public record and because they are undisputedly authentic documents on which Vazquez explicitly bases his claims.  <u>See</u> <u>Mayer v. Belichick</u>, 605 F.3d 223, 230 (3d Cir. 2010).

sentences of 7 ½ to 15 years imprisonment, and he appealed to the Pennsylvania Superior Court. See id.  The Superior Court reversed, vacated the judgment of sentence, and remanded for a new trial on May 19, 2020.  See Commonwealth v. Vazquez, No. 96 EDA 2019 (Pa. Super. Ct. May 19, 2020).  The lower court dockets indicate that following the remand, Vazquez pleaded nolo contendere and was found guilty on April 22, 2021.  See No. CP-51-CR-0007339-2016; No. CP-51-CR-0007340-2016.  He was sentenced to 11 ½ to 23 months imprisonment as to each count on the same day.  See id.

Vazquez filed the instant case in the Eastern District on December 28, 2020, which was after the Superior Court had remanded the criminal case but before the lower court had concluded its proceedings on remand.  In his complaint, Vazquez alleges that as a result of the Superior Court vacating his criminal sentence, he was entitled to immediate release from custody.  (Id.)  Nevertheless, he alleges that the DOC continued to confine him for several months after the Superior Court's decision.  (Id.)  Vazquez alleges that Campbell, who was the presiding judge in his criminal case in the Philadelphia County Court of Common Pleas, and McGinley, the superintendent of SCI-Coal Township, "did nothing to remedy" his continued confinement and that McGinley had "full knowledge" of the Superior Court's decision vacating Vazquez's conviction.  (Id.)  He alleges that Campbell and McGinley's actions violated his rights under the United States and Pennsylvania Constitutions.  (Id.)  He seeks $500,000 in damages for the allegedly unlawful incarceration plus "any punitive and compensatory damages the court may deem fair, just and appropriate."  (Id.)

On January 25, 2021, United States District Judge Chad F. Kenney concluded that Campbell, the Commonwealth, and the DOC were entitled to immunity from Vazquez's claims under the Eleventh Amendment and accordingly dismissed Vazquez's claims against those

Defendants.  (Doc. No. 6.)  Judge Kenney additionally ordered the case to be transferred to this district because there was no basis for venue in the Eastern District as to Vazquez's remaining claim against McGinley.  (Id.)

Following the transfer to this district, McGinley moved to dismiss the complaint on June 9, 2021 and filed a brief in support of the motion on the same day.  (Doc. Nos. 18-19.) McGinley argues that dismissal is appropriate because Vazquez fails to allege McGinley's personal involvement in the alleged violation of Vazquez's constitutional rights.  (Doc. No. 19 at 4.)  McGinley additionally argues that Vazquez's complaint fails to state a claim upon which relief may be granted because it does not include sufficient factual detail to comply with Federal Rule of Civil Procedure 8.  (Id. at 5.)  McGinley notes that Vazquez fails to include any citations for the underlying state court cases, fails to state what the original sentence was, fails to state what the Superior Court ordered, and fails to include any other details as to the underlying state court actions.  (Id.)  Vazquez has not opposed the motion to dismiss, and the deadline for doing so has expired.  Accordingly, the motion is ripe for the Court's disposition.

## II.    LEGAL STANDARDS

### A.    Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests.  See Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief.  See Fed. R. Civ. P. 8(a).  Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure

12(b)(6) for its "failure to state a claim upon which relief can be granted."  See Fed. R. Civ. P.

12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the Court accepts as true all

factual allegations in the complaint and all reasonable inferences that can be drawn from them,

viewed in the light most favorable to the plaintiff.  See Ashcroft v. Iqbal, 556 U.S. 662, 679

(2009); In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  To prevent

dismissal, all civil complaints must set out "sufficient factual matter" to show that their claims

are facially plausible.  See Iqbal, 556 U.S. at 678; Fowler v. UPMC Shadyside, 578 F.3d 203,

210 (3d Cir. 2009).  The plausibility standard requires more than a mere possibility that the

defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has

not 'show[n]' – 'that the pleader is entitled to relief.'"  See Iqbal, 556 U.S. at 679 (citing Fed. R.

Civ. P. 8(a)(2)).

Accordingly, the Third Circuit has identified the following steps that a district court must

take when reviewing a 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to

state a claim; (2) identify any conclusory allegations contained in the complaint that are "not

entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual

allegations" contained in the complaint "plausibly give rise to an entitlement to relief."  See

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotation

marks omitted).  The Third Circuit has specified that in ruling on a Rule 12(b)(6) motion to

dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached

to the complaint, matters of public record, as well as undisputedly authentic documents if the

complainant's claims are based upon these documents."  See Mayer v. Belichick, 605 F.3d 223,

230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

In the context of pro se prisoner litigation, the Court must be mindful that a document filed pro se is "to be liberally construed."  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Pro se complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle, 429 U.S. at 106).

### B.    Section 1983 Standard

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials.  See 42 U.S.C. § 1983.  The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id.  "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors."  See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002)).  To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States.  See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

III.     **DISCUSSION**

A.     **Personal Involvement**

The Court will first address McGinley's personal involvement argument.  To state a §
1983 claim upon which relief may be granted, a plaintiff must allege that the defendant was
personally involved in the alleged violation of the plaintiff's rights.  See Jutrowski v. Twp. of
Riverdale, 904 F.3d 280, 289 (3d Cir. 2018).  Allegations of personal involvement cannot be
based solely on a theory of respondeat superior.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207
(3d Cir. 1988).  Rather, for a supervisor to be liable for the actions of a subordinate, there must
be evidence of personal direction or actual knowledge and acquiescence.  See id.  A defendant's
knowledge and acquiescence must be alleged "with appropriate particularity."  See id.

The only allegation that Vazquez makes as to McGinley's personal involvement in the
alleged constitutional violation is that McGinley had "full knowledge" of the Superior Court's
order vacating Vazquez's judgment of sentence but "did nothing to remedy the matter."  (Doc.
No. 2 at 5.)  This bare allegation of personal knowledge is insufficient to plead McGinley's
personal involvement.  It is not clear from the allegations in the complaint that McGinley had
any authority as the superintendent of SCI-Coal Township to determine which people were
appropriately incarcerated in the institution.  Accordingly, the Court will dismiss the complaint
for Vazquez's failure to allege that McGinley was personally involved in the alleged violation of
his constitutional rights.  Having reached this conclusion, the Court will not address McGinley's
second argument that the complaint fails to allege sufficient factual matter to state a claim upon
which relief may be granted.

**B.      Leave to Amend**

Courts are cautioned that because of the applicable pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The federal rules allow for liberal amendment in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted).  The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment."  See id.  The Court may also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim.  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Based on the foregoing, the Court cannot conclude that it would be futile or prejudicial to permit Vazquez to file an amended complaint against Defendant McGinley that corrects the deficiencies identified herein.  The Court will accordingly grant leave to amend Vazquez's claim against Defendant McGinley.  Vazquez is advised that the amended complaint must be complete in all respects.  It must be a new pleading that stands by itself without reference to the original complaint or any other document already filed.  The amended complaint should set forth Vazquez's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure.  Each paragraph should be numbered.  It should specify which actions are alleged and sufficiently allege personal involvement of the defendant in the acts that he claims violated his rights.  Mere conclusory allegations will not set forth a cognizable claim.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant McGinley's motion to dismiss and grant Vazquez leave to file an amended complaint.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania